# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3790

_____

United States of America

*Plaintiff - Appellee*

v.

Jose Federico Almeida-Olivas

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: June 9, 2017
Filed: August 1, 2017
[Published]

_____

Before LOKEN, MURPHY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Jose Federico Almeida-Olivas was involved in the distribution of methamphetamine in the Kansas City, Missouri area. He was charged with conspiracy to distribute 500 grams or more of a mixture containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, and use of a communication device to facilitate the distribution of methamphetamine, in

violation of 21 U.S.C. § 843(b), (d). After all the evidence was presented, Almeida-Olivas moved for judgment of acquittal. The district court[1] denied the motion and the jury convicted him of both counts. Almeida-Olivas appeals and we affirm.

I.

In March 2010, Department of Homeland Security agents in the Kansas City, Missouri area began investigating a drug trafficking organization. During the investigation, agents conducted surveillance and obtained court approval for a series of Title III wiretaps. Through the investigation, agents identified 31 individuals involved in a conspiracy to distribute methamphetamine. In March 2012, those 31 individuals were charged with conspiracy. However, due to confusion over Almeida-Olivas's identity based on an informant's misidentification of Almeida-Olivas as his brother, Jesus, Almeida-Olivas was not charged. Those 31 individuals pleaded guilty.

After it became clear that Almeida-Olivas was not his brother, a two-count indictment charged him with conspiracy to distribute 500 grams or more of a mixture containing methamphetamine and use of a communication device, a telephone, to facilitate the distribution of methamphetamine. Almeida-Olivas was tried before a jury. At the close of evidence, Almeida-Olivas moved for a judgment of acquittal. The district court denied the motion. Almeida-Olivas also requested a lesser-included-offense jury instruction that would permit the jury to find him guilty of conspiracy to distribute "500 grams or more *or less*" of methamphetamine. The district court rejected the request "on the basis that if the jury can't find 500 grams the way its been charged, then they've got to find him not guilty."

---

[1] The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

The jury convicted Almeida-Olivas of both counts. The district court sentenced him to 210 months on the conspiracy count and 48 months on the use of a telephone count, to be served consecutively. Almeida-Olivas appeals.

## II.

Almeida-Olivas argues that the district court erred by denying his motion for judgment of acquittal and by refusing his request for a lesser-included-offense jury instruction.

### A.

"In reviewing the denial of a motion for a judgment of acquittal, we review the sufficiency of the evidence *de novo*, evaluating the evidence in the light most favorable to the verdict and drawing all reasonable inferences in its favor." United States v. Wright, 739 F.3d 1160, 1167 (8th Cir. 2014). "[T]he court will not disturb the conviction unless 'no reasonable jury could have found the defendant guilty beyond a reasonable doubt.'" Id. (quoting United States v. Serrano-Lopez, 366 F.3d 628, 634 (8th Cir. 2004)). "[I]t is not necessary for the evidence before the jury to rule out every reasonable hypothesis of innocence. It is enough if the entire body of evidence be sufficient to convince the fact-finder beyond a reasonable doubt of the defendant's guilt." Id. (quoting United States v. Surratt, 172 F.3d 559, 564 (8th Cir. 1999)).

#### 1.

To convict Almeida-Olivas for conspiracy to distribute more than 500 grams of a mixture and substance containing methamphetamine, "the government must prove: (1) that there was a conspiracy, i.e., an agreement to distribute the [methamphetamine]; (2) that [Almedia-Olivas] knew of the conspiracy; and (3) that

-3-

[Almeida-Olivas] intentionally joined the conspiracy." United States v. Sanchez, 789 F.3d 827, 834 (8th Cir. 2015) (quoting United States v. Slagg, 651 F.3d 832, 840 (8th Cir. 2011)). Almeida-Olivas contends the government failed to present sufficient evidence that he intentionally joined the conspiracy or that he knew the purpose of the conspiracy. We conclude that the evidence supports his conviction.

At trial, the government presented multiple intercepted phone calls and the testimony of individuals who were charged in the March 2012 indictment and pleaded guilty. See United States v. Conway, 754 F.3d 580, 587 (8th Cir. 2014) ("[E]vidence at trial that consists primarily of testimony from other members of the conspiracy may suffice to establish defendant's guilt."). Porfirio Almeida-Perez, Almeida-Olivas's nephew and the target of the initial investigation, testified regarding a number of intercepted phone calls, all of which discussed the distribution of methamphetamine. Porfirio testified that two intercepted calls on October 8, 2011, featured conversations between himself and Almeida-Olivas discussing debt Porfirio owed to Almeida-Olivas's brother for methamphetamine, a $20,000 debt in the first call and a $40,000 debt in the second call. Porfirio testified that during these conversations he was mad because Almeida-Olivas's brother had increased the price of the methamphetamine.[2] In an October 12 intercepted call, Almeida-Olivas and Porfirio again discussed the debt, and Porfirio testified that he could not pay because people he sold to had not paid him. Almeida-Olivas and Porfirio discussed the debt again in an October 15 intercepted call and in two October 16 intercepted calls. Porfirio testified that in one of the October 16 calls, Porfirio said he would give Almeida-Olivas a Cadillac in lieu of money. A reasonable jury could infer that by helping his brother collect the debt, Almeida-Olivas knew about the conspiracy and knowingly acted in furtherance thereof. See United States v. Johnson, 719 F.3d 660, 666 (8th Cir. 2013) ("[A]

_____

[2] Porfirio testified that he was paying "around" $16,000 per pound of methamphetamine and that he bought methamphetamine by the pound. One pound equals 453.6 grams.

-4-

conspirator . . . need not know all of the conspirators or be aware of all of the details of the conspiracy, so long as the evidence is sufficient to show knowing contribution to the furtherance of the conspiracy." (second alteration in original) (quoting United States v. Lemm, 680 F.2d 1193, 1204 (8th Cir. 1982))).

Martin Tavizon-Nunez, another coconspirator, also testified for the government. Tavizon-Nunez testified that Almeida-Olivas and his brother delivered methamphetamine to Porfirio to sell. Tavizon-Nunez specifically recalled a seven-pound load of methamphetamine delivered in October 2011 and stated that Almeida-Olivas's brother had raised the price of this shipment. He also testified that he lived with Porfirio and was present when Porfirio, Almeida-Olivas, and Almeida-Olivas's brother discussed methamphetamine and when Porfirio paid for the drugs. This evidence was more than sufficient to convict Almeida-Olivas for conspiracy to distribute methamphetamine.

2.

To convict Almeida-Olivas for use of a telephone to facilitate the conspiracy to distribute methamphetamine, the government had to prove that Almeida-Olivas (1) knowingly or intentionally (2) used a telephone (3) to facilitate the conspiracy to distribute methamphetamine. See United States v. Mims, 812 F.2d 1068, 1077 (8th Cir. 1987). At trial, the government presented multiple intercepted phone calls between Almeida-Olivas and Porfirio in which they discussed the debt Porfirio owed to Almeida-Olivas's brother for methamphetamine. These recorded conversations are sufficient to support Almeida-Olivas's conviction for use of a communication device to facilitate the conspiracy. See id. at 1075.

Accordingly, the district court did not err in denying Almeida-Olivas's motion for judgment of acquittal.

B.

Almeida-Olivas also argues that the district court erred by refusing to instruct the jury on the lesser-included offense of conspiracy to distribute *less than* 500 grams of a mixture containing methamphetamine. We review for abuse of discretion the district court's decision not to give a lesser-included-offense instruction. United States v. Lasley, 832 F.3d 910, 913 (8th Cir. 2016). "A defendant is entitled to a properly requested lesser-included offense instruction 'if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater.'" Id. at 912 (quoting Keeble v. United States, 412 U.S. 205, 208 (1973)). "We will generally affirm a district court's refusal to instruct the jury on a lesser included offense when the defendant has claimed innocence throughout trial." United States v. Martin, 777 F.3d 984, 997 (8th Cir. 2015).

Based on the evidence presented, a jury could not have rationally found Almeida-Olivas guilty of the lesser-included offense of conspiracy to distribute less than 500 grams of methamphetamine. Porfirio testified that he bought methamphetamine by the pound and that he owed Almeida-Olivas's brother at least $60,000. At "around" $16,000 per pound, Porfirio's debt was for at least 3.75 pounds of methamphetamine, or 1,701 grams. Additionally, Tavizon-Nunez testified regarding a seven pound load of methamphetamine Almeida-Olivas delivered with his brother in early October 2011. Seven pounds equals 3,175.2 grams.

Moreover, there was no evidence presented that could link Almeida-Olivas to anything less than 500 grams of methamphetamine. See Lasley, 832 F.3d at 913. And Almeida-Olivas claimed innocence throughout the trial. See Martin, 777 F.3d at 997 (noting "that there was no rational basis for instructing the jury on the lesser offense because 'the jury either believed [the defendant] had nothing to do with the transaction or was guilty as charged.'" (alteration in original) (quoting United States v. Collins, 652 F.2d 735, 742 (8th Cir. 1981))). Furthermore, Almeida-Olivas did not

present any evidence at trial. Thus, the trial evidence provided no rational basis for the jury to acquit Almeida-Olivas of conspiracy to distribute more than 500 grams of methamphetamine but convict him of conspiracy to distribute less than 500 grams. See id. Almeida-Olivas's counsel acknowledged this when the district court rejected the lesser-included-offense instruction, stating, "[t]hat's one of those sink-or-swim situations that we've been in before. And either way you win-win or you lose-lose." Accordingly, the district court did not abuse its discretion in denying Almeida-Olivas's request for a lesser-included-offense instruction.

III.

For the foregoing reasons, we affirm the judgment of the district court.

_____